# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

Lydia Jean Estes
376 Pascoe Blvd #45
Bowling Green, KY 42104
Phone: (615) 473-0566
Email: LydiaE325@gmail.com
Plaintiff,

v.

Safelite Group, Inc.
Registered Headquarters:
7400 Safelite Way
Columbus, OH 43235
Defendant.

**FILED**
JAMES J. VILT, JR. - CLERK

JUN 1 2 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Civil Action No. __1:25-cv-82-GNS__
JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Lydia Jean Estes, appearing pro se, brings this civil action against Safelite Group, Inc. for violations of the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act (Sex Discrimination), Equal Pay Act (EPA), the Family and Medical Leave Act (FMLA), and wrongful termination under Kentucky law (KRS 344.040 and common law). In support, she states as follows:

## I. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3), as this action arises under federal employment laws. Supplemental jurisdiction over state law claims is proper under 28 U.S.C. § 1367.

Venue is proper in the Western District of Kentucky under 28 U.S.C. § 1391(b), as the events

occurred in Bowling Green, Kentucky.

## II. PARTIES

Plaintiff Lydia Jean Estes is a resident of Warren County, Kentucky.

Defendant Safelite Group, Inc. is a nationwide employer with over 16,000 employees, headquartered in Columbus, Ohio, and operates in Kentucky.

## III. STATEMENT OF FACTS

Plaintiff was employed by Safelite from September 12, 2022, until her termination on August 16, 2024.

Plaintiff was diagnosed with hEDS, ADHD-C, POTS, and SVT, and was actively undergoing medical treatment during 2024.

Plaintiff informed her manager on July 28, 2024, of her intent to take FMLA due to ongoing medical issues and began working with Absence One, Safelite's third-party leave administrator.

She had until August 21, 2024, to complete documentation for FMLA, but was terminated on August 16, 2024, allegedly for performance issues — despite positive reviews and no documented performance issues.

The decision to terminate was made by a regional manager from another state who had no direct working relationship with Plaintiff. Her store manager did not agree with the termination.

Male employees at the same store received raises in 2024; no female employees did, despite performing separate and responsible roles.

Plaintiff raised this concern in a meeting with HR present. Instead of addressing the disparity, HR discouraged discussion of wages among employees.

Plaintiff was offered a severance agreement she did not sign.

Since her termination, Plaintiff has been unable to secure permanent, full-time work at the same income level.

Plaintiff is being charged retroactively for insurance premiums while out on protected medical leave. The amounts have continued to increase and remain unresolved.

## IV. CLAIMS FOR RELIEF

- Count 1: Disability Discrimination – Americans with Disabilities Act (ADA)

Plaintiff was a qualified individual with a disability.
Defendant failed to provide reasonable accommodations and terminated her in retaliation for seeking protected leave.

- Count 2: Sex Discrimination – Title VII of the Civil Rights Act

Plaintiff was subjected to unequal treatment on the basis of sex, including lack of pay increases and retaliation for raising the issue.

- Count 3: Family and Medical Leave Interference & Retaliation – FMLA

Defendant interfered with Plaintiff's right to FMLA and retaliated against her by terminating her before the leave process was complete.

- Count 4: Unequal Pay – Equal Pay Act of 1963

Plaintiff and her female colleagues were paid less than male counterparts doing equal work requiring similar skill, effort, and responsibility.
Defendant knowingly violated the EPA by giving raises only to male employees and failing to correct the disparity after it was raised with HR.

- Count 5: Wrongful Termination – KRS 344.040 & Kentucky Common Law

Plaintiff was terminated in violation of Kentucky public policy as expressed in KRS 344.040, which prohibits discrimination based on disability and sex.
The termination also violated Kentucky common law protections against retaliatory discharge for asserting her rights under state and federal law.

## V. PRAYER FOR RELIEF

Plaintiff respectfully seeks the following relief:
a. Front pay in lieu of reinstatement;
b. Back pay from August 16, 2024 to present, including lost wages, insurance, and benefits;
c. Compensatory damages for emotional distress, pain, and suffering;
d. Punitive damages under Title VII and ADA (up to $300,000 per 42 U.S.C. § 1981a);
e. Full removal and forgiveness of health insurance premiums improperly billed during

protected leave;

f. Liquidated damages under the Equal Pay Act;

g. Pre- and post-judgment interest, court costs, and any other just relief this Court deems appropriate.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted, *Lydia Jean Estes*

Lydia Jean Estes
376 Pascoe Blvd #45
Bowling Green, KY 42104
Phone: (615) 473-0566
Email: LydiaE325@gmail.com

Dated: 06/12/2025